

**Signed and Filed: July 24, 2023**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re:                              )  Bankruptcy Case
                                    )  No. 19-30088-DM
PG&E CORPORATION,                   )
                                    )  Chapter 11
          - and -                   )
                                    )  Jointly Administered
PACIFIC GAS AND ELECTRIC COMPANY,   )
                                    )
          Reorganized Debtors.      )
                                    )
☐ Affects PG&E Corporation          )
☐ Affects Pacific Gas and           )
    Electric Company                )
☒ Affects both Debtors              )
                                    )
* All papers shall be filed in      )
the Lead Case, No. 19-30088 (DM).   )
                                    )
_____)
                                    )
DAVID P. ADDINGTON,                 )  Adversary Proceeding
                                    )  No. 23-03005-DM
          Plaintiff,                )
                                    )  Date:  June 7, 2023
v.                                  )  Time:  11:00 AM
                                    )  Via Video/Teleconference
PG&E CORPORATION and PACIFIC GAS    )  www.canb.uscourts.gov/calendars
AND ELECTRIC COMPANY,               )
                                    )  MEMORANDUM DECISION GRANTING
          Defendants.               )  MOTION FOR SUMMARY JUDGMENT
                                    )
_____)
```

-1-

## I. Introduction

PG&E Corporation and Pacific Gas and Electric Company's (together, "PG&E") *Motion for Summary Judgment* ("MSJ") (Dkt. 14) came on for hearing at the above-captioned date and time. For the reasons set forth below, the court will GRANT the MSJ. To the extent that Plaintiff David P. Addington's ("Addington") *Motion for Quiet Title, Declaratory Relief, and to Amend Claim No. 108715* ("Motion to Amend") (Main Case Dkt. 13481) is not subsumed by the Complaint (Dkt. 1) of this adversary proceeding, the court will DENY the Motion to Amend. The court will further DISALLOW Addington's Proof of Claim No. 108715 ("Amended Claim").

## II. Procedural Background

The issues between PG&E and Addington relate to two electric transmission towers ("Towers") located in the backyard of Addington's residence located in Piedmont, CA ("Property"). The Towers had been built and maintained by PG&E's predecessor, Great Western Power Company. The Towers were built pursuant to an easement recorded in 1908. That easement conveyed a dominant estate over the Property from The Realty Syndicate to Great Western Power Company for the purpose of erecting and maintaining the Towers and necessary wires for the distribution and transmission of electricity. Addington purchased the Property in 2015, with the Towers on the Property subject to the easement.

In 2016, PG&E determined it was necessary to remove soil from the Property as part of maintenance work on the Towers. After negotiation, Addington and PG&E entered into a Revised

-2-

Case: 23-03005   Doc# 27   Filed: 07/24/23   Entered: 07/24/23 17:21:23   Page 2 of 12

Work Acknowledgement in September 2016, which described the work to be performed by PG&E as well as provided a payment to Addington of $36,790 for Addington to complete his own landscaping after PG&E's work was completed.

A dispute arose regarding the work performed by PG&E. In November 2016, the parties entered into an Addendum ("Release"), in which PG&E agreed to pay Addington an additional $13,000, in exchange for Addington's agreement that PG&E had performed all work described in the Revised Work Acknowledgment.

The relationship between Addington and PG&E apparently continued to deteriorate, and in June 2017, Addington unilaterally recorded a Notice of Termination of the easement. Addington then began "charging" PG&E for transmitting electricity via the Towers on the Property without an easement.

PG&E filed bankruptcy in January 2019[1]. Addington filed Proof of Claim #3093 ("First POC") on May 23, 2019, seeking compensation in excess of $3.5 million. This demand for compensation was based on a "High Voltage Utility-Specific Access Charge" and the amount owed was for Addington's estimated "transmission charge for substation." PG&E objected to the First POC.

Throughout the course of the claim objection process, Addington maintained that after he terminated the easement, PG&E owed him for continuing to transmit electricity over the

---

[1] PG&E's Plan of Reorganization was confirmed on June 20, 2020 (Main Case, Dkt. 8053) and became effective on July 1, 2020 (Main Case, Dkt 8252). The provisions of 11 U.S.C. § 1141 apply to any subsequent acts such as Addington's second Notice of Easement Termination ("Second Notice)"

-3-

Property via the Towers and connecting lines without his permission.

On May 16, 2022, the court entered the *Order Sustaining Debtors' Objection and Granting David Addington Leave to Amend Proof of Claim #3093* (Main Case, Dkt. 12392), which (1) determined that Addington's unilateral attempt to terminate the easement was ineffective; (2) disallowed the Proof of Claim; and (3) set a deadline of July 11, 2022 for Addington to amend the Proof of Claim to state a claim for pre-petition damages stemming from events that occurred after the date of payment following the signed Release.

On July 5, 2022, Addington filed the Amended Claim, which seeks nearly $1 million for alleged damage to the Property, almost all of which still appears to stem from work covered by the Release, plus emotional distress damages caused by PG&E's "actions, threats, and unreasonable behaviors." It appears the actions Addington claims caused emotional distress occurred both pre- and post-petition. PG&E filed an objection to the Amended Claim (Main Case, Dkt. 12948) ("Objection"). At a status conference on the Objection, Addington stated his intention to amend his Proof of Claim for a second time. The court warned Addington he would need to seek agreement from PG&E or leave from the court to do so.

After much negotiation between the parties, on January 21, 2023, Addington filed the Motion to Amend. The Motion to Amend sought quiet title to the Towers; declaratory relief; damages related to the Release; and emotional distress damages; and further discovery from PG&E.

-4-

PG&E filed a Response (Main Case, Dkt. 13513). The court entered an Amended Order (Main Case, Dkt. 13517) that allowed the Motion to Amend to proceed in the main bankruptcy case instead of requiring Addington to file a separate adversary proceeding.

Despite the Amended Order, Addington initiated this adversary proceeding on February 20, 2023. The relief sought in Addington's Complaint (Dkt. 1) largely overlaps with the relief sought in the Motion to Amend. The Complaint seeks: (1) quiet title to the Towers; (2) a declaratory judgment confirming that Addington owns the Towers; (3) court instruction on how to properly establish a cause of action of interference by PG&E; and (4) court instruction on how to properly extinguish the easement. Unlike the Motion to Amend, the Complaint does not seek to amend the Amended Claim and does not seek damages for emotional distress.

On March 14, 2023, without notice to PG&E or to the court, Addington recorded the Second Notice, which again declared unilaterally that Addington had terminated the easement in June 2017. This conduct was plainly in violation of PG&E's discharge.

On March, 22, 2023, PG&E filed the MSJ, which seeks judgment in its favor as to the entirety of the Complaint (or rather, dismissal of the Complaint with prejudice); disallowance of the Amended Claim, a quash of the Amended Claim's discovery requests; and a direction to Addington to rescind the Second Notice. The court held a hearing on June 7, 2023 and took the matter under submission thereafter.

## III. Standard for Summary Judgment

On a motion for summary judgment, the court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact as to any claim, part of claim, defense, or part of defense. *Simo v. Union of Needletrades, Indus. & Textile Employees,* 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, incorporated by Fed. R. Bankr. P. 7056.

## IV. Discussion

### A. Addington Does not Own the Towers

Addington argues that once the Towers were affixed to the Property, they became part of the Property itself as opposed to separate personal property. This merging of Tower to Property means the dominant and servient tenements became one, and the recorded easement has long since been destroyed by law.

Addington's Complaint cites no law to support his argument, and the argument is inherently flawed. According to Addington's theory, the easement granted PG&E's predecessor the right to construct the Towers for the benefit of Addington's predecessor, who immediately became the owner of the Towers and could have then restricted access to the Towers pursuant to that ownership interest.

At the hearing, Addington presented a recitation of commercial landlord-tenant law of New Mexico to support his ownership theory, by which fixtures affixed to real property by tenants become part of the landlord's fee interest.

Addington believes that the law governing rights between commercial landlords and tenants and California utility easements are "exactly parallel" (Hr. Transcript, Dkt. 25, p. 15). This belief is incorrect.

In contrast, PG&E does present law that demonstrates that its easement, like all easements, is real property separate from the fee itself. *See* Cal. Civ. Code § 801 *et seq.* (law of easements as part of California law regulating estates in real property). The extent of any easement "is determined by the grant, or the nature of the enjoyment by which it was acquired." Cal. Civ. Code § 806. In this case, the recorded grant of easement was specifically for the erection and maintenance of the Towers and transmission lines. Addington knowingly purchased the Property subject to that easement.

Addington's argument that the grant of easement was destroyed at the exact moment the purpose of the easement was effectuated (via the building of the Towers) fails as a matter of law (Main Case, Dkt. 12392). The court holds that the easement was not destroyed when the Towers were constructed, and that PG&E is and has been at all relevant times the dominant tenement holder on Addington's subservient estate pursuant to that easement. Consequently, PG&E is entitled to judgment as a matter of law on Addington's requests for quiet title and

Case: 23-03005   Doc# 27   Filed: 07/24/23   Entered: 07/24/23 17:21:23   Page 7 of 12

declaratory judgment based on his theory of ownership of the Towers.

B. <u>Addington Is Not Entitled To Declaratory Relief</u>

The Complaint additionally requests that the court issue a variety of what Addington calls declaratory judgments:

1. A written description from the court detailing the process of obtaining approvals from PG&E to do work near, on, or around the Property;
2. A written determination of the practice and procedure required to establish interference by PG&E of Addington's land rights;
3. A written determination of the requirements and form by which Addington may properly extinguish the easement.

A party to a written instrument over or upon property may request from the court "a declaration of his or her rights and duties in the premises . . ." Cal. Civ. Code § 1060. "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by a court." *Leonard Carder, LLP v. Patten, Faith, & Sandford*, 189 Cal.App.4th 92, 97 (Cal. Ct. App. 2019) (quoting *Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 728 (1944)). "Once an 'actual controversy' exists, it is within the trial court's discretion to grant or deny declaratory relief, and a reviewing court will not disturb that exercise of discretion absent abuse." *Leonard Carder*, 189

Case: 23-03005    Doc# 27    Filed: 07/24/23    Entered: 07/24/23 17:21:23    Page 8 of 12

Cal.App.4th at 97 (citing *Orloff v. Metro. Trust Co.*, 17 Cal.2d 484, 489 (1941)).

Here, the court cannot find an "actual controversy" exists to merit any declaratory relief. There is no denial that Addington does not like that PG&E holds an easement over the Property and has taken issue with the way PG&E has maintained its Towers. However, beyond Addington's general dissatisfaction with the work performed by PG&E that is subject to the Release, Addington presents no controversy under the easement that merits a determination of rights.

Further, Addington does not appear to truly seek declaratory relief regarding rights under the easement, but rather procedural clarity on how he could establish interference by PG&E in the future, and the steps he should take to effectively extinguish the easement. Such pronouncements veer away from declaratory relief into the realm of legal advice, which the court cannot dispense.

Accordingly, the court cannot issue any declaratory relief requested by Addington. PG&E is entitled to judgment as a matter of law regarding the requests for declaratory judgment.

C. The Motion to Amend is Denied and the Amended Claim is Disallowed

As noted above, while the Complaint and Motion to Amend are nearly identical in relief sought, the Motion to Amend seeks damages not sought in the Complaint. To avoid inefficiency in determining the MSJ and then dealing with the remainder of the Motion to Amend, the court addresses the additional damages claimed in the Motion to Amend now.

The basis for damages in the Motion to Amend stem from (1) work directly related to the Release, and (2) emotional distress damages. The court has made clear damages for work related to the Release are unavailable. Emotional distress damages based on the state of his Property after work performed pursuant to the Release are also unavailable.

Any emotional distress damages Addington alleges due to the embarrassment at the state of his Property that are unrelated to the Release are also unavailable. *See, e.g., Erlich v. Menezes*, 981 P.2d 978, 984 (Cal. 1999) (quoting *Cooper v. Superior Court*, 153 Cal.App. 3d 1008, 1012 (1984)) ("No California case has allowed recovery for emotional distress arising solely out of property damage").

To the extent a separate claim for intentional infliction of emotional distress is based on altercations with PG&E employees, Addington has not sufficiently plead the facts establishing the elements of such a claim. *See Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993) (establishing the elements of intentional infliction of emotional distress).

To the extent Addington alleges personal injury or family disruption due to emotional distress, he has not given any specifics, even with ample opportunity to do so.

To the extent Addington has claimed damages for actions taken by PG&E post-petition, the court has no authority to allow such damages into the bankruptcy claim process. To the extent Addington has taken actions without leave of this court or PG&E, such as filing the Second Notice, in violation of the discharge

injunction, the action was void.  Addington should rescind that Second Notice without delay to avoid any enforcement of this direction by PG&E.

## V. Conclusion

For the forgoing reasons, the court HEREBY GRANTS the MSJ, DENIES the Motion to Amend, and DISALLOWS the Amended Claim. Counsel for PG&E should serve and upload orders in the Main Case and this adversary proceeding consistent with this Memorandum Decision.

**\*\*END OF MEMORANDUM DECISION\*\***

**COURT SERVICE LIST**

David P. Addington
298 Saint James Drive
Piedmont, CA 94611